**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

---------------------------------------------------------------- x
                                                            :

OOO BRUNSWICK RAIL MANAGEMENT,    :
and BRUNSWICK RAIL GROUP LIMITED    :
                                                            :
                Plaintiffs,                 :    Case No. 3:17-cv-00114
                                                            :

  v.                                                            :

PAUL OSTLING,                               :
                           Defendant.             :
---------------------------------------------------------------- x

**DEFENDANT PAUL OSTLING'S MOTION TO
<u>QUASH NON-PARTY SUBPOENA SERVED ON GOOGLE, INC.</u>**

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND .............................................................................................................................2

I. THE CONNECTICUT LITIGATION AGAINST MR. OSTLING WAS FILED AFTER PLAINTIFFS COULD NOT OBTAIN THE RELIEF THEY SOUGHT IN CALIFORNIA. ........................................................................................................2

    A. Plaintiffs Initially Sought Expedited Discovery and Relief in California Against Both Mr. Sultanov and Mr. Ostling. ..........................................................2

    B. After Plaintiffs Failed to Obtain Relief and Expedited Discovery in California, They Initiated this Litigation Against Only Mr. Ostling. ....................3

    C. Mr. Sultanov, who Is Not a Party to this Litigation, Has Challenged the Jurisdiction of the California Court in the Still-Pending California Action. .........3

    D. The California Court Ordered Limited Jurisdictional Discovery Regarding Mr. Sultanov But Expressly Rejected Plaintiffs' Request to Propound a Subpoena on Google. ............................................................................................4

ARGUMENT ...................................................................................................................................5

I. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS AN END RUN AROUND A PREVIOUS COURT ORDER AND SEEKS INFORMATION THAT IS NOT RELEVANT TO THIS LITIGATION. ..........................................................5

    A. The Information Sought in the Subpoena Is Relevant Only to Plaintiffs' Attempt to Establish Jurisdiction Over Mr. Sultanov. ...........................................5

    B. The Court Should Reject Plaintiffs' Latest Attempt to End Run a Court Order They Dislike. ...............................................................................................6

    C. Plaintiffs' Subpoena Should Be Quashed Because it Seeks Information that Is Irrelevant to the Claims and Defenses at Issue in this Litigation. ..............7

II. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS INFORMATION THAT IS SUBJECT TO RUSSIAN PRIVACY LAW. .......................8

III. AT A MINIMUM, MR. OSTLING AND MR. SULTANOV SHOULD BE GIVEN THE OPPORTUNITY TO REVIEW ANY DOCUMENTS AND WITHHOLD BUT LOG THOSE DISCLOSING PRIVILEGED COMMUNICATIONS. ....................................................................................................10

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bernstein v. Mafcote, Inc.*,
 Civ. No. 3:12CV311 (WWE), 2014 U.S. Dist. LEXIS 98499 (D. Conn. July
 21, 2014) ................................................................................................................................7

*Chamberlain v. Farmington Sav. Bank*,
 No. 3:06CV01437 (CD), 2007 U.S. Dist. LEXIS 70376 (D. Conn. Sept. 25,
 2007) ......................................................................................................................................7

*Fago v. City of Hartford*,
 Civ. No. 3:02CV1189 (AHN), 2003 U.S. Dist. LEXIS 25723 (D. Conn. Dec.
 31, 2003) ................................................................................................................................7

*Oppenheimer Fund, Inc. v. Sanders*,
 437 U.S. 340 (1978) ...............................................................................................................6

*Shelby v Ingersoll-Rand Co.*,
 No. 10-MC-59A, 2011 U.S. Dist. LEXIS 31192 (W.D.N.Y. Mar. 24, 2011) ..........................7

**Other Authorities**

FED. R. CIV. P. 26(b)(1) ..............................................................................................................6

Defendant, Paul Ostling, by and through his attorneys, moves this Court to quash the third party subpoena ("Subpoena") served by Plaintiffs, OOO Brunswick Rail Management and Brunswick Rail Group Limited on Google Inc. ("Google"), on or around March 1, 2017, which seeks documents related to Mr. Richard Sultanov. For the reasons stated herein, the Subpoena should be quashed.

## PRELIMINARY STATEMENT

Once again Plaintiffs come to this Court seeking to relitigate a decision they dislike in California – this time, the California Court's refusal to permit them to take third party discovery to bolster their argument that the California Court has jurisdiction over Richard Sultanov.

About two weeks after learning that they would be barred from propounding third party discovery in California, Plaintiffs propounded a third party subpoena on Google using this Court's subpoena power. Plaintiffs have conceded that many of the requests in the Subpoena are likely relevant to proving that there is jurisdiction over Mr. Sultanov. The focus of the subpoena served on Google and Plaintiffs' counsel's inability to explain how the subpoena seeks material that is relevant to this litigation makes clear that this subpoena is simply Plaintiffs' latest attempt to get a second bite at the apple. The Court should not permit Plaintiffs to use its subpoena power for this improper purpose.

Plaintiffs seek substantially the same discovery that the California Court refused to allow them to obtain. Indeed, Plaintiffs seek information about the location of (non-party) Mr. Sultanov's computer, email log-ins, payment information, contacts, history of contact information, and Google's servers. Plaintiffs' subpoena seeks no information about its purported trade secrets or confidential information – the issues they contend are at the center of this litigation against Mr. Ostling. The subpoena should be quashed because it seeks to use this Court's subpoena power to obtain information of no relevance to the litigation.

1

Plaintiffs' subpoena seeks discovery from Google that exposes it to the risk of noncompliance with applicable Russian privacy laws. As a processor of substantive consumer personal data, Google must comply with these laws. Google should not be required to bear these risks when Plaintiffs have already been told they may not obtain these materials by one court or, in any event, may be able to obtain these irrelevant materials from another source.

Finally, to the extent that the Court declines to fully or even partially quash the subpoena, it should modify it so that Mr. Ostling and Mr. Sultanov are given the opportunity to first review and log any privileged communications prior to the production of materials to Plaintiffs. While this process would not prejudice Plaintiffs, it would ensure that Mr. Ostling's and Mr. Sultanov's privileges are retained and protected.

## BACKGROUND

### I.     THE CONNECTICUT LITIGATION AGAINST MR. OSTLING WAS FILED AFTER PLAINTIFFS COULD NOT OBTAIN THE RELIEF THEY SOUGHT IN CALIFORNIA.

#### A.     Plaintiffs Initially Sought Expedited Discovery and Relief in California Against Both Mr. Sultanov and Mr. Ostling.

On January 4, 2017, Plaintiffs filed a motion for a TRO and expedited discovery in the District Court for the Northern District of California (the "California Court"). Dkt. 36-1 (Compl.); Dkt. 36-3 (Ex Parte App. TRO & Expedited Discovery); Dkt. 36-4 (Brief ISO TRO). The California Court denied the request for expedited discovery, finding that "Brunswick fail[ed] to show good cause because it does not adequately explain the need for expedited discovery." Dkt. 36-14 (Order Granting & Denying TRO & Motion for Expedited Discovery) at 4. Plaintiffs filed a second motion for expedited discovery on January 10, which was denied on January 20 on grounds that the California Court lacked personal jurisdiction. Dkt. 36-22 (Ntc. Mtn. Expedited Discovery) at 1; Dkt. 36-23 (Brief ISO Mtn. Expedited Discovery); Dkt. 36-52 (Order Denying Pltf. Preliminary Injunction & Mtn. Expedited Discovery).

### B. After Plaintiffs Failed to Obtain Relief and Expedited Discovery in California, They Initiated this Litigation Against Only Mr. Ostling.

After failing to obtain relief in the California Court, Plaintiffs filed a new complaint against only Mr. Ostling and request for a TRO in this Court on January 25.  Dkt. 1 (Compl.); Dkt. No. 4 (Plaintiffs' Brief ISO TRO); Dkt. No. 4 (Proposed TRO Order).  They also filed their third request for expedited discovery on that same day.  After holding a hearing on February 1, this Court issued an order on February 3, denying Plaintiffs' request for expedited discovery and instead ordering a limited <u>in camera</u> submission.  Dkt. 53 (Order).  Mr. Ostling complied with that order, providing documents for <u>in camera</u> review "in reliance on the Court's assurance at the February 1 hearing that the Court would review any such submissions in camera and not provide or disclose these emails to Plaintiffs or their counsel without giving Mr. Ostling and his counsel notice and an opportunity to be heard.  *See* Transcript of Show Cause Hearing held on Feb. 1, 2017 ("CT Transcript") at p. 50:9-18; 40:2-9; 41:14-16"; Dkt. No. 57 (Notice of Compliance); Dkt. No. 58 (Wallerstein Decl. ISO Notice of Compliance); Dkt .No. 60 (Corrected Notice of Compliance) at 3.

### C. Mr. Sultanov, who Is Not a Party to this Litigation, Has Challenged the Jurisdiction of the California Court in the Still-Pending California Action.

Mr. Sultanov, who is domiciled in Russia, is not a party to this litigation.  While he remains a named defendant in the California Court, he has specially appeared in that case solely for purposes of challenging the Court's personal jurisdiction over him.  On March 9, Mr. Sultanov moved to dismiss that litigation on grounds that the California Court does not have personal jurisdiction over him because, among other reasons, he is domiciled in Russia and in any event, lacks contacts with California that relate to the claims pending before the California Court.  Dkt. No. 86, No. 17-00017 (Motion to Dismiss).  Plaintiffs' response is due May 8 and briefing is currently scheduled to be completed by May 15.  Declaration of Kimberly I. Culp Ex. B (Dkt. No. 83, Case No. 17-00017 (Order Granting Limited Jurisdictional Discovery)) at ¶ 5.

### D. The California Court Ordered Limited Jurisdictional Discovery Regarding Mr. Sultanov But Expressly Rejected Plaintiffs' Request to Propound a Subpoena on Google.

On February 6, Brunswick moved the California Court to obtain expedited jurisdictional discovery from Mr. Sultanov. Dkt. No. 65 (Motion for Jurisdictional Discovery); Dkt. No. 66 (Memorandum ISO Motion); Dkt. No. 68, Case No. 17-00017 (Motion to Shorten Time Regarding Jurisdictional Discovery). The court held a hearing on Plaintiffs' motion on February 16. Culp Decl. Ex. C (Dkt. No. 81, Case No. 17-00017 (Transcript of Feb. 16 Hr'g)). During the hearing, the Court ordered Plaintiffs to submit proposed discovery regarding jurisdiction for the Court's consideration by the close of business on the following day. *Id.* Plaintiffs submitted a broad array of requests, including a request to subpoena Google and other third parties. Culp Decl. Ex. D (Dkt. No. 80, Case No. 17-00017 (Proposed Order)) at ¶ 4. In the Proposed Order submitted to the California Court, Plaintiffs sought information from Google that is substantially similar to the information it now pursuant to the Subpoena issued in this Court. *See id.*; *see also* Culp Decl., Ex. E (Subpoena to Google, Inc.)

On March 2, the California Court granted certain jurisdictional discovery to Plaintiffs, <u>but expressly denied Plaintiffs' request to subpoena Google</u>. Culp Decl. B (Dkt. No. 83, Case No. 17-00017 (Order Granting Limited Jurisdictional Discovery)) at 2 (ordering that no "third party discovery" would be allowed).

**ARGUMENT**

I.  **THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS AN END RUN AROUND A PREVIOUS COURT ORDER AND SEEKS INFORMATION THAT IS NOT RELEVANT TO THIS LITIGATION.[1]**

> A.  **The Information Sought in the Subpoena Is Relevant Only to Plaintiffs' Attempt to Establish Jurisdiction Over Mr. Sultanov.**

Plaintiffs have admitted that they issued the Subpoena not because it seeks evidence that may be relevant to this litigation; rather, Plaintiffs have admitted that the Subpoena seeks information that is likely relevant to the jurisdictional discovery that already has been ruled upon and rejected by the California court. *See* Culp Decl. ¶ 2.

Specifically, in the Subpoena, Plaintiffs seek "physical address(es)", "historical IP connection logs, SMTP logs and IP addresses, browser, port and MAC address information, from which the account richard.sultanov@gmail.com was created or logged into", "[d]ocuments sufficient to show all Google servers or computers located in the United States containing, storing or processing the emails within the account richard.sultanov@gmail.com." Culp Decl., Ex. E (Subpoena to Google, Inc. Request Nos. 2, 3, & 5).

These requests are identical to the jurisdictional discovery that Plaintiffs unsuccessfully sought from the California Court. *See* Culp Decl. Ex. D at ¶ 4. The additional information that is sought, specifically "all email addresses and other routing information", "contact information", and "history of contact information", and "[a]ll payment information related to the account richard.sultanov@gmail.com for any paid services", Culp Decl., Ex. E (Subpoena to Google, Inc. Request Nos. 1, 2, & 4), also pertain to seeking information relevant to jurisdiction or simply do not seek information relevant to this litigation.

There is no connection between the location of servers, Mr. Sultanov's computer (or computers), and physical addresses related to Mr. Sultanov's gmail account and this litigation. There are no allegations in the Complaint that pertain in any way to the location of computers or

---

[1] To the extent that Request No. 1 is limited as to date and does not include the subject line of emails, Mr. Ostling is willing to agree to limit his motion to quash to Request Nos. 2-6.

5

log-ins to Mr. Sultanov's gmail account.  *See generally* Dkt. No. 1 (Compl.).  Similarly, there is no connection between the allegations in the Complaint and "all email addresses and other routing information", "contact information", and "history of contact information", and "[a]ll payment information related to the account richard.sultanov@gmail.com for any paid services." *See generally id.*

This information is unnecessary for establishing jurisdiction over Mr. Ostling as he has already conceded that this Court has jurisdiction over him.  It is also unnecessary for establishing whether Mr. Ostling disclosed purported trade secrets or alleged confidential information, as Plaintiffs allege.  Instead, the information sought in the Subpoena is intended solely to bolster Plaintiffs' attempt to claim that a U.S. court has jurisdiction over Mr. Sultanov – a use that is outside of the scope of discovery allowed in this case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").  *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information.  Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.").

      **B.**    **The Court Should Reject Plaintiffs' Latest Attempt to End Run a Court Order They Dislike.**

As set forth above, Plaintiffs appear to have propounded this Subpoena in an effort to try to obtain information that they believe will help them establish that the California Court has jurisdiction over Mr. Sultanov, a resident of Russia.  In doing so, Plaintiffs appear to be trying to make an end run around the California Court's order regarding discovery.  *See* Culp Decl. Ex. B (Dkt. No. 83, Case No. 17-00017 (Order Granting Limited Jurisdictional Discovery)) at 2.  Although the Subpoena was propounded just before the California Court issued its official order, the California Court had already ordered that no "third party discovery" would be allowed in

connection with the limited jurisdictional discovery it would permit to proceed.  Culp Decl. Ex. F (Dkt. No. 79, Case No. 17-00017 (Minute Entry for Feb. 16, 2017 Hr'g)); Culp Decl. Ex.C  Dkt. No. 81, Case No. 17-00017 (Transcript of Feb. 16 Hr'g) at 34:3-4 (stating that "I'm not going to allow any . . . third party discovery . . . .").

This Court should reject Plaintiffs' attempt to obtain a second bite at the apple with respect to jurisdictional discovery pertaining to Mr. Sultanov by quashing the Subpoena.  *See Shelby v Ingersoll-Rand Co.*, No. 10-MC-59A, 2011 U.S. Dist. LEXIS 31192, at *13 (W.D.N.Y. Mar. 24, 2011) (quashing a subpoena and recognizing that another district court's "ruling on the same subpoena language at issue here foreclose[d] a 'second bite at the apple' before this Court.").  Quashing the Subpoena respects comity of other district courts and makes it less likely that Plaintiffs will run to this Court every time the California Court issues a ruling they do not like.  *Shelby*, 2011 U.S. Dist. LEXIS 31192 at *14 ("Under these circumstances, this Court declines defendant's invitation to give it a different result on the same subpoena language simply because it did not like the initial result from the New Jersey Court").

   **C.** **Plaintiffs' Subpoena Should Be Quashed Because it Seeks Information that Is Irrelevant to the Claims and Defenses at Issue in this Litigation.**

Subpoenas issued to non-parties are quashed where the information sought is not relevant to the litigation or where a requesting party can only speculate as to the relevance of requested materials and information.  *See, e.g.*, *Bernstein v. Mafcote, Inc.*, Civ. No. 3:12CV311 (WWE), 2014 U.S. Dist. LEXIS 98499, at *13-16 (D. Conn. July 21, 2014) (granting motion to quash on grounds that requesting party speculated that information sought was relevant and where such information could be obtained from less intrusive means); *Fago v. City of Hartford*, Civ. No. 3:02CV1189 (AHN), 2003 U.S. Dist. LEXIS 25723 (D. Conn. Dec. 31, 2003) (granting motion to quash where subpoena sought information of no relevance to litigation); *Chamberlain v.*

7

*Farmington Sav. Bank*, No. 3:06CV01437 (CD), 2007 U.S. Dist. LEXIS 70376 (D. Conn. Sept. 25, 2007) (same).

In a recent meet and confer pertaining to the Subpoena, Plaintiffs conceded that the information sought by Requests likely support their jurisdictional arguments regarding Mr. Sultanov and in any event could not articulate how the Requests are relevant to this litigation except to try to claim that location data could be evidence of a conspiracy, which Plaintiffs conceded they have not pled.  Plaintiffs' inability to articulate relevance makes sense.  *See* Culp Decl. ¶ 2; *see also* Culp Decl. Ex. A (March 29, 2017 Email and Letter of Enia Titova to Einat Clarke, Counsel for Google, Inc.).  As explained above, Plaintiffs have not alleged anything in the Complaint that pertains to the location of Mr. Sultanov's computer, where he logged into his gmail account or sent and received messages, the location of Google's computers and servers, or payments made in connection with the gmail account.  *See generally* Dkt. No. 1 (Compl.).  The Complaint also excludes allegations of relevance to information provided in connection with signing up for the gmail account or making payments in connection with paid services, if any.  Plaintiffs' request for "all email addresses and routing information", "contact information", and "history of contact information" are also irrelevant to Plaintiffs' claim that Mr. Ostling divulged Plaintiffs' alleged confidential information or purported trade secrets.  *See generally id.*  Because the information sought in the Subpoena has no connection to this litigation and is thus irrelevant, the Subpoena should be quashed.

## II.     THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS INFORMATION THAT IS SUBJECT TO RUSSIAN PRIVACY LAW.

Russian law protects from disclosure the substantive information that Plaintiffs seek to obtain from non-party Google, for example, the contact information and history of contact

information.[2]  *See* Dkt. No. 34 (Chernyy Decl.) at ¶¶ 26-47.  The Russian Constitution provides the right to privacy with respect to "correspondence, of telephone conversations, postal, telegraph, and other messages.  Limitations of this right shall be allowed only by court decision."  *Id.* ¶ 27.  In addition to the constitutional protections afforded to citizens' privacy, Russian law provides for statutory protection precluding the transfer of consumer data to a third party without consumer consent.  *Id.* ¶¶ 30-45.  Google must comply with Russian privacy laws – notwithstanding its terms of use – because it maintains a registered office in the Russian Federation and, as a processor of Russian citizens' personal data, is likely to be regarded as an operator of personal data of Russian citizens subject to the Law on Personal Data.  *Id.* ¶¶ 29, 39, 47.

It would be unfair to Google, a non-party, to require it to produce substantive information and materials that implicate privacy laws with which it must comply as a processor of Russian citizens' personal data and company that maintains records of correspondence.  In order to comply with Russian law <u>and</u> Plaintiffs' Subpoena, it appears that – at a minimum – Google would have to obtain the consent of <u>any</u> person whose substantive personal data would be affected by Plaintiffs' requests for an array of contact information and email addresses.  *See* Dkt. No. 34 (Chernyy Decl.) at ¶ 43.  Given that Plaintiffs may be able to obtain the relevant information (if any) sprinkled within the mass of information requested from another, less intrusive source, non-party Google should not be asked to undertake this burden.  Plaintiffs' Subpoena should be quashed.

---

[2] As previously stated, to the extent that Request No. 1 is limited as to date and does not include the subject line of emails, Mr. Ostling is willing to agree to limit his motion to quash to Request Nos. 2-6.

9

III. **AT A MINIMUM, MR. OSTLING AND MR. SULTANOV SHOULD BE GIVEN THE OPPORTUNITY TO REVIEW ANY DOCUMENTS AND WITHHOLD BUT LOG THOSE DISCLOSING PRIVILEGED COMMUNICATIONS.**

Neither Mr. Ostling or, for that matter, Mr. Sultanov, have been privy to what responsive documents that Google has or intends to produce. Should the Subpoena not be summarily quashed, Google should be ordered to produce responsive documents to Mr. Ostling and to Mr. Sultanov in the first instance so that they can assess and withhold any privileged information. Defendant would of course provide a privilege log for any documents so withheld.

## CONCLUSION

For all the foregoing reasons, Mr. Ostling asks this Court to grant his motion and quash the Subpoena as well as for fees expended in connection with having to bring this Motion.

Dated: April 3, 2017                          **VENABLE LLP**

                                              By:    /s/ Thomas E. Wallerstein
                                                     Thomas E. Wallerstein (SBN 232086)
                                                     Kimberly Culp (SBN 238839)
                                                     505 Montgomery Street, Suite 1400
                                                     San Francisco, CA 94111
                                                     Tel: 415-653-3750
                                                     Fax: 415-653-3755
                                                     TWallerstein@Venable.com

                                                     Attorneys for Paul Ostling