UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------------------------------- x
OOO BRUNSWICK RAIL MANAGEMENT, :
and BRUNSWICK RAIL GROUP LIMITED : Case No. 3:17-cv-00114 (AVC)
:
Plaintiffs, :
:
v. :
: May 4, 2017
PAUL OSTLING, :
Defendant. :
:
--------------------------------------------------------------- x

**DEFENDANT PAUL OSTLING'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL SUBPOENA SERVED ON RACKSPACE HOSTING, INC.**

**ORAL ARGUMENT NOT REQUESTED**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

    I.    FOR THE REASONS MR. OSTLING HAS ALREADY STATED IN HIS MOTION TO QUASH, PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THE RACKSPACE SUBPOENA SHOULD BE DENIED. ................................................................................................................ 4

    II.    THE COURT SHOULD NOT RELY ON PLAINTIFFS' MISREPRESENTATIONS REGARDING THE PARTIES' COMMUNICATIONS. ............................................................................................. 5

CONCLUSION ............................................................................................................................... 6

Defendant Paul Ostling, by and through his attorneys, opposes Plaintiffs' motion to compel compliance with the third party subpoena served by Plaintiffs OOO Brunswick Rail Management and Brunswick Rail Group Limited on Rackspace Hosting, Inc. on or around March 3, 2017.  For the reasons stated herein, Plaintiffs' motion should be denied.

## PRELIMINARY STATEMENT

In their motion, Plaintiffs repeatedly claim that compliance with the Rackspace subpoena must be compelled because they need to know to whom and when Mr. Ostling disclosed their purported trade secret and confidential information.  But in making this claim, Plaintiffs sidestep an inconvenient fact:  they already have this information and they have had it for months.  Indeed, in response to the Court's February 3 order, Mr. Ostling provided the Court *and* Plaintiffs with a list of persons with whom Mr. Ostling had communicated about Brunswick between October 1 and the present.

It is no secret why Plaintiffs do not mention this list—it establishes that there is absolutely no basis for imposing the significant burden they seek to impose on Rackspace.  And indeed, as Mr. Ostling has made clear in his motion to quash (the "Motion"), Plaintiffs' subpoena imposes a significant and unjustified burden on Rackspace.  First, compliance with the subpoena would require Rackspace to undertake actions that it has already told Plaintiffs it is practically impossible for it to complete both practically and as a matter of law under the Stored Communications Act.  Second, the burden Plaintiffs seek to impose on Rackspace is even less justifiable in light of the fact that they already have the information they claim to need from the subpoena.  Moreover, to the extent that Plaintiffs require additional information that is not covered by the list they already have, they can obtain this information from Mr. Ostling.  Third, Plaintiffs' subpoena seeks information that is subject to privilege and raises an array of privacy

1

interests. Given that Plaintiffs already have the information they say they seek from Rackspace, there is simply no justification for imposing upon Rackspace the significant burden of complying with Plaintiffs' broad subpoena.

## BACKGROUND

On March 2, 2017, Plaintiffs served a subpoena on Rackspace Hosting, Inc. ("Rackspace"). Dkt. 95 (Pltffs. Mtn. to Compel) at 1.[1] Mr. Ostling served objections to this subpoena, and the parties engaged in discussions with Rackspace and each other regarding this subpoena. In connection with these discussions, David Kilgore, attorney for Rackspace, responded via email on March 24, 2017. Dkt. 95-7 (Exhibit 6 to Pltffs. Mtn. to Compel). In response, Plaintiffs' attorney responded, apparently to Mr. Kilgore, and to four attorneys and a paralegal of Defendant, saying, "Thanks David …." and going on to discuss and cite a local rule of this Court. *Id.*

Several of Defendant's attorneys read the email, and Defendants relied on it, responding directly to Plaintiffs' attorneys regarding the email. *Id.* (stating "I don't find his communication the least bit ambiguous . . . .").

That same day, Plaintiffs' attorneys twice responded to the thread regarding the Exhibit 6 email, but never claimed privilege. Declaration of Thomas E. Wallerstein ("Wallerstein Decl") Ex. A (March 24, 2017 Email from Elena Garcia to Thomas Wallerstein, *et al.*), Ex. B (March 24, 2017 Email from Thomas Wallerstein to Michael Tu, *et al.*). Defendant's attorneys then further relied on and responded to the email. *See* Wallerstein Decl. Ex. B (Defendants' counsel sent an email stating that he "assumed that the improper communication to Rackspace was bona

---

[1] This subpoena followed—by more than a month—Mr. Ostling's provision to the Court and Plaintiffs of a list of people with whom Mr. Ostling had discussed information about Brunswick. *See* Dkt. 57-1 (Ex. A to Notice of Compliance).

fide . . . ."); *see also* Wallerstein Decl. Ex. C.  Plaintiffs did not respond, much less claim privilege.

On April 13, 2017, Plaintiffs filed a motion to compel compliance with the subpoena they served on Rackspace.  In their motion, Plaintiffs cited an exhibit ("Exhibit 6") which included the March 24 email thread.  Plaintiffs' citation to Exhibit 6 in the motion misrepresented the written meet and confer communications on the issue.  Specifically, in their motion to compel, Plaintiffs quoted to the Court only Mr. Kilgore's March 24 email to the parties and an email subsequently sent by Defendant's counsel in the same chain in which Defendant's counsel stated, among other things, that he "didn't find his communication the least bit ambiguous . . . ." Dkt. 95-7.  What Plaintiffs omitted from their motion was that, in between the communication from Rackspace and the communication from Defendant, Plaintiffs' counsel sent an email to Rackspace's counsel David Kilgore, and copied four attorneys and one paralegal of Defendants.  The selective quotations featured in Plaintiffs' motion make it appear as though Defendant's counsel was responding *to* Mr. Kilgore's email rather than, as actually happened, to Plaintiffs' counsel's email.  Plaintiffs did not redact this email or file it under seal.

The day after filing the email publicly and nearly three weeks after disclosing the email to Defendant's counsel and discussing it with them, Plaintiffs informed Mr. Ostling's counsel that the email sent by Plaintiffs' counsel on March 24 was privileged.  Plaintiffs moved the same day to seal Exhibit 6 on that basis.

In short, Plaintiffs made their first assertion of privilege with regard to the Exhibit 6 email on April 14—three weeks after disclosing it, engaging in extended correspondence regarding it, and the day after publicly filing it.  *See* Wallerstein Decl., Ex. C (April 19, 2017 Letter from Thomas Wallerstein to Michael Tu); Dkt. 95 at 5-6.

## ARGUMENT

**I.  FOR THE REASONS MR. OSTLING HAS ALREADY STATED IN HIS MOTION TO QUASH, PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THE RACKSPACE SUBPOENA SHOULD BE DENIED.**

Mr. Ostling's Motion establishes the reasons that Plaintiffs' attempt to compel compliance with the Rackspace subpoena should be rejected. In the interests of efficiency and not burdening the Court by simply repeating the content of an earlier Motion, Mr. Ostling will not repeat those reasons in detail in this reply and instead incorporates the entirety of the Motion here:

*First*, the subpoena served is unduly burdensome because it seeks information for an unlimited timeframe. Rackspace has already told Plaintiffs that it is unable, as a practical matter, to produce this information and that attempting to comply would impose an undue burden on it as a third party. This burden alone provides a basis for quashing Plaintiffs' subpoena and for denying Plaintiffs' motion to compel compliance. The burden is even less justifiable here where Plaintiffs already possess the information that the subpoena seeks.

*Second*, under the Stored Communications Act, Rackspace cannot comply with Plaintiffs' subpoena unless Mr. Ostling consents—and he does not. Dkt. 93 (Mtn.) at 6-8.

*Third*, the subpoena seeks information that Plaintiffs can obtain from Mr. Ostling, who is a party to the litigation. Dkt. 93 (Mtn.) at 8. Plaintiffs already have the information that they claim justifies their subpoena to Rackspace. Indeed, in response to this Court's February 3 order, Mr. Ostling filed with this Court an unredacted list of people to whom he had disclosed Plaintiffs' purported trade secrets or confidential information from October 16, 2016 to February 2017. Dkt. 53 at ¶ 1; Dkt. 57-1. Plaintiffs had access to this list. Plaintiffs' request for this same information, *see, e.g.*, Pltfs. Mtn. at 1, 9-10, is unwarranted in light of the fact that they have already received information that is the primary driver for the Rackspace subpoena.

4

*Fourth*, Plaintiffs' motion to compel should be denied because it seeks information that is privileged, personal, of no relevance to this litigation, and implicates Russian privacy laws and regulations.  Dkt. 93 (Mtn.) at 9-11.  Imposing the burden of complying with these laws and regulations is simply unjustified in light of the fact that Plaintiffs already have the information they claim they need from Rackspace.

## II. THE COURT SHOULD NOT RELY ON PLAINTIFFS' MISREPRESENTATIONS REGARDING THE PARTIES' COMMUNICATIONS.

In the motion, Plaintiffs allege that, "[i]n an effort to resolve the dispute, on March 24, Rackspace offered to provide both Brunswick and defendant copies of the To/From Logs."  Dkt. 95 at 5.  Plaintiffs further allege that, "[l]ess than an hour later, defendant's counsel (Thomas Wallerstein) made a blanket objection to the production of the To/From Logs, asserting the attorney client privilege[.]"  *Id.* at 6.  Plaintiffs quoted the email from Defendants' counsel and left the impression that Defendants' counsel was responding to the communication from Rackspace.  But this is not what happened.

In informing the Court about the parties' communications, Plaintiffs neglect to inform the Court that, in between the communication from Rackspace and the communication from Defendant, Plaintiffs' counsel sent an email to Rackspace's counsel David Kilgore, and copied four attorneys and one paralegal of Defendants.  Plaintiffs' email stated:

**REDACTED**

In the email Plaintiffs cite in their motion, Defendant's counsel was responding to Plaintiffs' counsel's email, *not* Mr. Kilgore's.  Rather than explain the actual facts of these communications, Plaintiffs instead resort to distorting and misrepresenting the actual sequence of

5

events and then attempt to claim privilege over an email that is plainly not privileged or, if privileged, no longer privileged due to waiver.

Plaintiffs claim that Mr. Ostling's redactions are "[g]amesmanship at its worst . . . ." Dkt. 95 at 8. To the contrary, Plaintiffs' decision to provide the Court with a misleading portrayal of critical communications is "[g]amesmanship at its worst, [ ] [that] should not have any place in these proceedings."

## CONCLUSION

For all the foregoing reasons, Mr. Ostling asks this Court to grant his motion to quash the Rackspace subpoena and to deny Plaintiffs' motion to compel compliance with their subpoena. If this Court declines to fully or even partially quash the subpoena or to grant Plaintiffs' motion, Mr. Ostling asks that this Court modify the subpoena to allow Mr. Ostling to review and log any privileged communications prior to any production to Plaintiffs.

**VENABLE LLP**

By: /s/ Thomas E. Wallerstein
Thomas E. Wallerstein (phv08752)
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Tel: 415-653-3750
Fax: 415-653-3755
TWallerstein@Venable.com

Glenn M. Cunningham (ct09995)
Ross H. Garber (ct17689)
Susan S. Murphy (ct25321)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Tel: 860-251-5000
Fax: 860-251-5218
gcunningham@goodwin.com
rgarber@goodwin.com
smurphy2@goodwin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of May 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            By:    /s/ Thomas E. Wallerstein
                                                            Thomas E. Wallerstein