UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OOO BRUNSWICK RAIL MANAGEMENT   :
ET AL,                          :
                                :
        Plaintiffs,             :
                                :        CASE NO. 3:17CV114(AVC)
        v.                      :
                                :
PAUL OSTLING,                   :
                                :
        Defendant.

RULING REGARDING DISCOVERY DISPUTES.

Counsel for Plaintiffs' OOO Brunswick Rail Management and Brunswick Rail Group Limited (collectively, "Brunswick") and Counsel for Defendant Paul Ostling appeared before the undersigned on March 9, 2018, to discuss pending discovery disputes which had not been formalized in motions. During the hearing the parties indicated their willingness to have the Court resolve these disputes, if the parties were unable to resolve them on their own. After the hearing, the parties submitted a letter, indicating that they were unable to resolve some of the disputes. The letter (hereafter the "joint submission") set forth each party's position with respect to the remaining discovery disputes. In light of the joint submission and the arguments made during the hearing on March 9, 2018, the Court ORDERS as follows:

1. As indicated in the joint submission, defense counsel
was to supply a privilege log by March 23, 2018, identifying
documents that were dated before January 4, 2017, and withheld.
The Court assumes that defendant complied with the deadline of
March 23, 2018.  As it relates to privileged documents that
postdate January 4, 2017, the Court concludes that the defendant
need not provide a privilege log.  As indicated in the joint
submission, this would impose a significant burden on defense
counsel and would require defense counsel to submit updated
information to the plaintiffs each and every time defense
counsel communicates with his client.  Additionally, an order to
the contrary would contradict Local Rule 26(e) which
specifically exempts from the privilege log requirement "written
communications between a party and its trial counsel after
commencement of the action . . ."

2. Regarding the defendant's responses to Brunswick's
fourth set of interrogatories and second set of requests for
production, the Court is satisfied with defendant's
representation "that he will not offer evidence of Mr. Ostling's
financial condition to support [his] allegation of irreparable
harm on [Ostling's] motion for advancement of legal fees."
(Joint Submission, page 3.)  Since the motion for the

2

advancement of fees is before The Honorable Alfred V. Covello, the parties are directed to coordinate on a joint submission to Judge Covello's chambers indicating which portions of the pending pleadings need to be stricken.

3. With regard to defendant's responses to Brunswick's first set of interrogatories, defendant states that it will supplement the responses to interrogatory Nos. 1 and 3-6 within 30 days of the submission, so the Court presumes this dispute is now moot. (Joint Submission, page 4.)  If not, the parties shall submit a very short statement to chambers explaining why this dispute has not been resolved.  Interrogatory number 2, however, poses a more difficult issue that the Court is currently taking under advisement and will rule on separately.

4. During the March 9th hearing, the Court expressed its belief that the defendant's deadline for objecting to Brunswick's third set of interrogatories had expired and any objections were waived.  While the Court understands that the defendant has new counsel, the defendant's counsel had an appearance in the case months before the parties agreed to the stay of litigation.  Additionally, the discovery requests had been pending for several months prior to current counsel's appearance in the case, but predecessor counsel never formally

3

objected.   Therefore, the objections were waived under Rule
33(b)(4) of the Federal Rules of Civil Procedure.   The waiver
will not extend to attorney-client privileged materials.   Based
on the joint submission it is unclear if defendant withheld any
information based on the objections or simply articulated its
objections but then fully responded to the interrogatories.   In
order for the Court to fully resolve this dispute, the parties
are instructed to submit a very short joint statement regarding
any alleged insufficiency in defendant's responses by May 30,
2018, attaching the responses and objections that were submitted
by defendant.

     5. In an effort to dispose of motions that were filed
before the stay of litigation but are no longer being pursued,
the Court asked the parties to indicated which of the motions
that were filed before the stay of litigation actually need to
be ruled upon.   Motion 108 requested sealing of a brief filed by
Mr. Ostling because the brief discussed a document which had
previously been sealed because it contained material that is
protected by the work product privilege.   Mr. Ostling's brief
directly quoted and discussed the sealed document.   While the
Court questions the long term necessity of sealing the brief
identified in motion 108, or allowing the underlying document to

4

remain sealed, the parties have agreed to the sealing requested in motion 108.  The Court notes that brief has been filed in both a sealed and redacted form, allowing the public access to the non-privileged portions of the brief.  The Court will leave the sealed version sealed.

6. Although the joint submission referenced a dispute regarding a Brunswick owned laptop and Iphone, the Court is under the impression that dispute has been resolved and that the items have been returned to Brunswick.

SO ORDERED at Hartford, Connecticut this 16th day of May, 2018.

_____/s//Robert A. Richardson_
Robert A. Richardson
United States Magistrate Judge